# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS
No. 13-398V
Filed: April 21, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| AARON P. WYATT, on behalf of J.A.W. | * | |
| Petitioner, | * | Autism; Stipulation; Attorney |
| v. | * | Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Anne C. Toale, Esq.*, Maglio, Christopher &Toale, PA, Sarasota, FL for petitioner.
*Lynn E. Ricciardella, Esq.*, US Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision dismissing this petition on January 29, 2014.  On April 21, 2014, the parties filed a stipulation for attorney fees and costs.  The stipulation indicates that after informal discussions, the parties have agreed on $14,772.29 in attorneys' fees and costs and $56.00 in petitioner's costs for a total of $14,828.29.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $14,828.29[3] as follows:**

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including

- **a lump sum of $14,772.29 in the form of a check payable jointly to petitioner (Aaron P. Wyatt) and petitioner's counsel of record (Maglio, Christopher & Toale) for petitioner's attorney fees and costs, and**

- **a lump sum of $56.00 in the form of a check payable to petitioner, Aaron P. Wyatt, for his personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s Denise K. Vowell
**Denise K. Vowell**
Chief Special Master

---

costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).